F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION : SEALED APPLICATION
OF THE UNITED STATES OF AMERICA :
FOR AN ORDER RE-AUTHORIZING THE : 13 MC938
USE OF A PEN REGISTER AND A :
TRAP AND TRACE DEVICE :
- - - - - - - - - - - - - - - - - - - -x

Evan M. Norris, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for an Order pursuant to 18 U.S.C. §§ 3122 and 3123, re-authorizing for a period of 60 days the installation and use of a pen register and a trap and trace device on (561) 573-2568 (the "SUBJECT TELEPHONE"), a telephone used by RICARDO TEIXEIRA and issued by AT&T WIRELESS (the "service provider").

In support of this application I state the following:

1. I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore, pursuant to 18 U.S.C. § 3122, may apply for an Order authorizing the installation and use of pen registers and trap and trace devices.

2. The Court has authority to order the installation and use of a pen register or a trap and trace device anywhere in the United States if the Court finds that the attorney for the government has certified to the Court that the information likely to be obtained is relevant to an ongoing criminal investigation. 18 U.S.C. §§ 3122 and 3123. As the United States Court of Appeals for the Second Circuit has explained, an application for a pen register or trap and trace device

> need only identify the applicant and the investigating law enforcement agency and certify that "the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b)(2). The provision was not intended to require independent judicial review of relevance; rather, <u>the reviewing court need only verify the completeness of the certification</u>.

In re United States, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis added); accord In re Applications, 515 F. Supp. 2d 325, 329 (E.D.N.Y. 2007) (explaining "minimal requirement" of Section 3122(b)).

3. Based on information provided to me by special agents of the Federal Bureau of Investigation (the "investigative agency"), I hereby certify that the investigative agency is conducting an ongoing criminal investigation into possible violations of federal criminal laws, including conspiracy to commit racketeering, money laundering and wire fraud, in violation of 18 U.S.C. §§ 1343, 1349,

2

1956, 1957 and 1961 et seq., by RICARDO TEIXEIRA and others, occurring in the Eastern District of New York and elsewhere, and that the information likely to be obtained from a pen register and trap and trace device on the SUBJECT TELEPHONE is relevant to that investigation.

4. On November 1, 2013, the Honorable Lois Bloom, United States Magistrate Judge, signed an Order authorizing a pen register and trap and trace device on the SUBJECT TELEPHONE for a period of 60 days. (13 M 938). A special agent of the investigative agency has advised me that information obtained pursuant to the previous Order furthered the investigation by identifying possible coconspirators.

5. Based upon the above certification, the government requests that the Court issue an Order that provides:

a. Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for the installation and use of a pen register to record or decode dialing, routing, addressing, or signaling information — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1]

---

[1] PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only

— transmitted from the SUBJECT TELEPHONE, to record the date and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls for a period of 60 days.

  b. Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for installation and use of a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information reasonably likely to identify the sources of wire or electronic communications and to record the date, time and duration of calls created by such incoming impulses, for a period of 60 days, and that the tracing operations be without geographical limits.

  c. Pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the requested installation and use of a pen register and a trap and trace device to include the use of such a pen register and a trap and trace device on any changed telephone number assigned to an instrument bearing the same ESN/IMSI/IMEI as

---

decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

4

the SUBJECT TELEPHONE, or any changed ESN/IMSI/IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or ESN/IMSI/IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

6. The government further requests that the Court direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to notify special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE, including telephone numbers and subscriber information (published and non-published, and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

7. The government further requests that, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon service of the Order upon them, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order furnish the information, facilities, and technical assistance

5

necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace device with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

8. The government further requests that the Order direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

9. Finally, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), the government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Order be ordered not to disclose to the listed subscriber of the telephone, or to any other person (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and

6

until otherwise ordered by the Court. Any such disclosure might jeopardize this investigation because it would alert DANIS to this investigation and might lead to the destruction and/or concealment of evidence by DANIS and others, and/or the flight of DANIS and others. The foregoing concerns are particularly acute here because, although DANIS has long had a sports marketing business headquartered in the United States, she is a foreign national who travels overseas extensively and conducts a significant part of her business overseas with other subjects and targets of the investigation. The same concerns that justify the non-disclosure order for the service provider thus also justify sealing.

10. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated: Brooklyn, New York
February 12, 2014

_____
Evan M. Norris
Assistant United States Attorney
(718) 254-6376

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION         :
OF THE UNITED STATES OF AMERICA         :    SEALED ORDER
FOR AN ORDER RE-AUTHORIZING THE         :    OF AUTHORIZATION
USE OF A PEN REGISTER AND A             :
TRAP AND TRACE DEVICE                   :    13 MC 938
- - - - - - - - - - - - - - - - - - - -x

This matter comes before the Court pursuant to an application by Assistant United States Attorney Evan M. Norris, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) requesting an Order pursuant to 18 U.S.C. §§ 3122 and 3123, re-authorizing for a period of 60 days the installation and use of a pen register and a trap and trace device on (561) 573-2568 (the SUBJECT TELEPHONE), a telephone used by RICARDO TEIXEIRA and issued by AT&T WIRELESS (the "service provider").

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT, pursuant to 18 U.S.C. § 3123, Applicant has certified that the information likely to be obtained by use of a pen register and a trap and trace device is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation (the "investigative agency") into possible violations of federal criminal

laws, including conspiracy to commit racketeering, money laundering and wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, 1349, 1956, 1957 and 1962, by RICARDO TEIXEIRA and others known and unknown,, occurring in the Eastern District of New York and elsewhere, and that the information likely to be obtained from a pen register and trap and trace device on the SUBJECT TELEPHONE is relevant to that investigation.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a pen register to record or decode dialing, routing, addressing, or signaling information transmitted from the SUBJECT TELEPHONE - excluding the decoding of post-cut-through dialed digits ("PCTDD")[1] - to record the date and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls

---

[1] PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

for a period 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone number listed above for the SUBJECT TELEPHONE, but also to any changed telephone number assigned to an instrument bearing the same ESN/IMSI/IMEI as the SUBJECT TELEPHONE, or any changed ESN/IMSI/IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or ESN/IMSI/IMEI, whether the changes occur

consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes in service regarding the SUBJECT TELEPHONE to include telephone numbers and subscriber information (published and non-published and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity whose assistance is used to facilitate this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:   Brooklyn, New York
         February /2, 2014

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :    SEALED ORDER
FOR AN ORDER RE-AUTHORIZING THE        :    TO SERVICE PROVIDER
USE OF A PEN REGISTER AND              :
A TRAP AND TRACE DEVICE                :    13 MC 938
- - - - - - - - - - - - - - - - - - - -x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. §§ 3121 et seq., re-authorizing the use of a pen register and a trap and trace device for a period of 60 days on (561) 573-2568 (the "SUBJECT TELEPHONE"), a telephone used by RICARDO TEIXEIRA and issued by AT&T WIRELESS (the "service provider"), in connection with an ongoing criminal investigation;

Now therefore, it is hereby:

1. ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the Federal Bureau of Investigation (the "investigative agency") may install, or cause to be installed, and use a pen register to record or decode dialing, routing, addressing, or signaling information transmitted from the SUBJECT TELEPHONE to record the date and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for

incoming or outgoing calls for a period of 60 days, beginning at any time within 14 days from the date of this Order.

2. IT IS FURTHER ORDERED that, to the extent possible in light of the service provider's technical capabilities, the service provider shall forward to the investigative agency only those digits dialed before a call is cut-through. However, to the extent that the service provider is unable to exclude post-cut-through dialed digits, the service provider shall forward all dialed digits to the investigative agency.

3. IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

4. IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(1)(C), that this authorization for the installation and use of a pen register and a trap and trace device applies not only to

the telephone number listed above for the SUBJECT TELEPHONE, but also to any changed telephone number assigned to an instrument bearing the same ESN/IMSI/IMEI as the SUBJECT TELEPHONE, or any changed ESN/IMSI/IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or ESN/IMSI/IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

5. IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE to include telephone numbers and subscriber information (published and non-published, and excepting call detail records, as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

6. IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other

person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

7.  IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.  IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

9.  IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the investigative

agency, the service provider and any other person or entity whose assistance is used to execute this Order.

10. IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
February 12, 2014

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK